## EX PARTE VIRGINIA.

ORIGINAL.

Argued March 3d, 1884.—Decided March 17th, 1884.

*Statutes—Surplus Revenue.*

The Secretary of the Treasury is not authorized to use the revenues of the United States, accrued since January 1st, 1839, in order to deposit with the States the fourth instalment of surplus revenue according to the provisions of the act of June 23d, 1836, 5 Stat. 55.

This was a petition on the part of the State of Virginia for a writ of mandamus upon the Secretary of the Treasury to compel him to pay to the State from the present surplus revenues of the treasury the fourth instalment of surplus revenue directed by the act of June 23d, 1836, 5 Stat. 55, to be deposited with the States.

*Mr. W. Willoughby* and *Mr. F. E. Alexander* for the petitioner.

MR. JUSTICE HARLAN delivered the opinion of the court.

This is an application for a writ of mandamus directed to the Secretary of the Treasury, commanding him to deliver to the proper officer of the Commonwealth of Virginia the sum of $732,809.33—that being, it is claimed, the amount of the fourth instalment of the public money of the United States required by the act of Congress, approved June 23, 1836, to be deposited with that State upon the terms and conditions therein prescribed.

The thirteenth and fourteenth sections of that act—the only parts thereof material to the present inquiry—are as follows:

"SEC. 13. *And be it further enacted,* That the money which shall be in the treasury of the United States on the first day of January, eighteen hundred and thirty-seven, reserving the sum of five millions of dollars, shall be deposited with such of the several States, in proportion to their respective representation in the Senate and House of Representatives of the United States, as shall, by law, authorize their treasurers, or other competent au-

thorities, to receive the same on the terms hereinafter specified ; and the Secretary of the Treasury shall deliver the same to such treasurers or other competent authorities, on receiving certificates of deposit therefor, signed by such competent authorities, in such form as may be prescribed by the Secretary aforesaid ; which certificates shall express the usual and legal obligations, and pledge the faith of the State for the safe-keeping and repayment thereof, and shall pledge the faith of the States receiving the same to pay the said moneys, and every part thereof, from time to time, whenever the same shall be required by the Secretary of the Treasury, for the purpose of defraying any wants of the public treasury, beyond the amount of the five millions aforesaid : *Provided,* That if any State declines to receive its proportion of the surplus aforesaid, on the terms before named, the same shall be deposited with the other States agreeing to accept the same on deposit, in the proportion aforesaid : *And provided further,* That when said money, or any part thereof, shall be wanted by the said Secretary to meet appropriations by law, the same shall be called for, in ratable proportions, within one year, as nearly as conveniently may be, from the different States with which the same is deposited, and shall not be called for in sums exceeding ten thousand dollars from any one State, in any one month, without previous notice of thirty days for every additional sum of twenty thousand dollars which may at any time be required.

"SEC. 14. *And be it further enacted,* That the said deposits shall be made with said States in the following proportions, and at the following times, to wit : one-quarter part on the first day of January, eighteen hundred and thirty-seven, or as soon thereafter as may be ; one-quarter part on the first day of April, one-quarter part on the first day of July, and one-quarter part on the first day of October, all in the same year." 5 Stat. 55.

On the 20th of December, 1836, Virginia, by legislative enactment, signified her acceptance of the terms and conditions of this act, of which due notice was given to the Secretary of the Treasury and to Congress.

On the 1st day of January, 1837, as appears from a letter of the Secretary of the Treasury to the Speaker of the House of Representatives, under date of January 3d, 1837, the balance

in the treasury—in excess of $5,000,000—subject to be deposited with the States, was $37,468,859.97, of which Virginia would have been entitled, under the act of June 23, 1836, to the sum of $2,931,237.34, payable in four instalments.   Ex. Doc. 2d Sess. 24th Congress, vol. 2, Doc. No. 62.   The first three instalments were deposited with the States, at the respective dates fixed in the act of Congress, but no part of the fourth has ever been delivered.   The reason why the last instalment was not deposited on the 1st of October, 1837, is shown by the message of President Van Buren to Congress, at its extra session in September of that year.   He said : "There are now in the Treasury $9,367,214, directed by the act of the 23d of June, 1836, to be deposited with the States in October next. This sum, if so deposited, will be subject, under the law, to be recalled, if needed, to defray existing appropriations ; and, as it is now evident that the whole, or the principal part of it, will be wanted for that purpose, it appears most proper that the deposits should be withheld."   5 Cong. Globe and Appendix, 8, 1st Sess. 25th Congress.

The Secretary of the Treasury, in his report to Congress, at the same session, after alluding to the then disturbed condition of the finances, and to the fourth instalment payable in October, 1837, suggested that, in view of the condition of the finances, " and the importance of meeting with efficiency and good faith all the obligations of the government to the public creditors, it would be most judicious to apply the whole instalment, as fast as it is wanted and can be collected, to the prompt discharge of these obligations ; and that the last deposit with the States, not being a debt, but a mere temporary disposal of a surplus, should be postposed until Congress, in some different state of the finances, when such an available surplus may exist, shall see a manifest propriety and ability in completing the deposits, and shall give directions to that effect."   Ex. Doc. and Reports of Committees, 1st Sess. 25th Congress, Doc. No. 2.

By an act of Congress, approved October 2d, 1837, it was provided " that the transfer of the fourth instalment of deposit directed to be made with the States under the thirteenth section of the act of June 23d, 1836, be and the same is hereby

postponed until the 1st day of January, 1839 : *Provided*, That the three first instalments under the said act shall remain on deposit with the States until otherwise directed by Congress." 5 Stat. 201.

But, on the 1st day of January, 1839, there was not, as the petition admits, in the treasury, a sufficient amount to meet that instalment after paying existing appropriations for the current expenses of the government. And by the third section of an act approved August 13th, 1841, the entire act of June 23d, 1836, excepting its thirteenth and fourteenth sections, was repealed. 5 Stat. 440.

The petition concedes that at no time since January 1st, 1841, until within the past few years, has there been in the treasury, a surplus of money large enough, after defraying existing charges imposed by Congress, to make the fourth instalment of deposit.

It is, however, alleged that there is now in the treasury of the United States a sufficient sum of money, after defraying all the existing charges imposed by Congress upon the treasury, and not needed or wanted by the Secretary to meet appropriations by law, or to meet the interest accruing upon the public debt or to meet all the expenditures of the government, estimated or ascertained by him for the present fiscal year, to make the deposits of the fourth instalment with all of the States with which said deposits were directed to be made.

The present Secretary of the Treasury, having refused, upon the demand of Virginia, by its duly authorized agent, to use any part of the public moneys for the purpose of meeting that instalment, the present application has been made for a mandamus compelling him to deposit with that State an amount equal to one-fourth of the said sum of $2,931,237.32.

No case is made for a mandamus. If it was the duty of the Secretary of the Treasury, in execution of the act of 1836, to make the fourth instalment of deposit on the day fixed in that act, whatever may have been, on that day, the wants of the public treasury, his failure to do so was legalized by the act of October 2d, 1837, postponing that deposit until January 1st, 1839. Of the latter act the State could not complain, because

that of January 23d, 1836, created no debt or legal obligation upon the part of the government, but only made the States the depositaries, temporarily, of a portion of the public revenue not needed, as was then supposed, for the purposes of the United States.

What was the duty of the Secretary, on January 1st, 1839, to which time, by the act of 1837, the deposit of the fourth instalment was postponed? It is conceded that there was not in the treasury, on January 1st, 1839, a sufficient amount, available and applicable to public purposes, after paying necessary appropriations for the expenses of the government, to meet that instalment. He could not, therefore, do what he might then lawfully have done, had the treasury, on January 1st, 1839, been in the condition contemplated by Congress when the act of 1837 was passed. The last direction given by the legislative department upon the subject of this instalment, is found in the latter act. No authority has been conferred upon the Secretary, by subsequent legislation, to use any surplus revenue accruing after January 1st, 1839, for the purpose of meeting the fourth instalment of deposit. Congress, by the original act, as we have seen, charged the payment of the several instalments upon the revenue above $5,000,000 which might be in the treasury on January 1st, 1837. That charge was transferred to and imposed upon the surplus revenue in the treasury on January 1st, 1839. But no such charge has been imposed upon the revenue accruing subsequently to the latter date.

Congress has permitted the thirteenth and fourteenth sections of the act of 1836, as modified by the act of October 2d, 1837, to stand, for the purpose, as we infer, of showing not only the terms upon which the States received the three first instalments of deposit, but that those instalments are held by the States, subject to be recalled in the discretion of the United States.

But the legislative department of the government seems purposely to have refrained from making the fourth instalment of deposit a charge directly upon any revenues accruing since January 1st, 1839. Since the last direction given by Congress upon the subject, the financial necessities and obligations of the

government have been largely increased, and this circumstance, perhaps, suggests the reason why the legislative department has not fixed any day for the final execution of the act of 1836. Be the reason what it may, we are of opinion that, the Secretary of the Treasury has no authority under existing legislation and without further direction from Congress, to use the surplus revenue in the treasury, from whatever source derived, or whenever, since January 1st, 1839, it may have accrued, for the purpose of making the fourth instalment of deposit required by the act of 1836.

The petition for a mandamus must, consequently, be denied.

*It is so ordered.*